**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1.  FARMERS ALLIANCE MUTUAL<br>     INSURANCE COMPANY, a foreign<br>     Insurance Company, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:____19-CV-418-KEW_____ |
| | ) | |
| 1.  CLAUDIA PALLIYO, INC. d/b/a<br>     LAS MARACAS MEXICAN<br>     RESTAURANT BAR & GRILL,<br>     a domestic corporation, and | ) ) ) ) | |
| 2.  CASSANDRA LEE, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, Farmers Alliance Mutual Insurance Company ("FAMI") and hereby seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq. relating to the rights and liabilities of the parties under a FAMI Business Owners Policy as more fully set forth herein.

JURISDICTION AND VENUE

1.   Farmers Alliance Mutual Insurance Company ("FAMI") is a foreign insurance company with its principal place of business in McPherson, Kansas.

2.   Upon information and belief, Cassandra Lee is a citizen and resident of the State of Oklahoma.

3.   Claudia Palliyo, Inc. d/b/a Las Maracas Mexican Restaurant Bar & Grill ("Las Maracas") is a domestic corporation, registered under the laws of the State of Oklahoma, whose registered agent is located in LeFlore County, Oklahoma.

4.   This is a declaratory judgment action related to the rights and liabilities of the parties under a FAMI Business Owners Policy, policy number BOP323094BOP01 ("the policy") issued to Claudia Palliyo, Inc. d/b/a Las Maracas Mexican Restaurant Bar & Grill.  The policy provided liability insurance to Las Maracas.  A certified copy of the policy is attached as Exhibit 1.

5.   On June 27th, 2019, Cassandra Lee, among others, filed a lawsuit against Las Maracas and other defendants in the United States District Court for the Eastern District of Oklahoma, Case No. 19-CV-204-SPS ("the underlying lawsuit"), seeking to recover compensatory damages for economic damages, mental anguish, pain and suffering and other non-pecuniary losses, punitive damages, attorney fees, costs, and equitable relief.  While there are multiple plaintiffs and multiple defendants in the underlying lawsuit, Cassandra Lee is the only plaintiff that alleges a claim against Las Maracas.  A copy of Lee's Second Amended Complaint is attached as Exhibit 2.

6.   In response to Cassandra Lee's Complaint, Las Maracas made demand on FAMI for defense and indemnity under the policy.

7.   Subject to its terms, conditions, limitations, and exclusions, the policy provides liability coverage of $1,000,000.00 (One Million Dollars) per occurrence.  (Exhibit 1, policy, p. 4.)

8.   Based on the facts set forth in paragraphs 1 through 7 above, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 by reason of the fact that this is a civil action wherein the amount in controversy exceeds $75,000.00 exclusive of interest and costs and is between citizens of different states.

9.   Venue is proper pursuant to 28 U.S.C. § 1391(b).

FACTS

10. On or about January 17, 2019, Claudia Palliyo, Inc. owned and operated the Las Maracas Mexican Restaurant Bar & Grill located at 1175 East Downing Street in Tahlequah, Oklahoma.

11. In January of 2019, Cassandra Lee was employed by Rupam Gandhi through his business of Manav Investments, LLC which owned and managed a Super 8 Hotel and Days Inn Hotel in Tahlequah, Oklahoma. Cassandra Lee has alleged in the underlying lawsuit that the employees and owners of the Las Maracas restaurant were familiar with Rupam Gandhi; that they knew him to be an alcoholic; and that they knew when he was intoxicated he would sexually assault women inside the restaurant. (Second Amended Complaint, Exhibit 2, paragraphs 132-135)

12. Cassandra Lee has alleged in the underlying lawsuit that, on January 17, 2019, the employees of Las Maracas overserved Rupam Gandhi alcohol, even though he was noticeably intoxicated, and that while intoxicated Gandhi was sexually aggressive toward Cassandra Lee, resulting in unwelcomed physical contact with her. (Second Amended Complaint, Exhibit 2, paragraphs 132-135)

13. Cassandra Lee has alleged in the underlying lawsuit that the employees and owners of Las Maracas purposely disabled security cameras inside the restaurant so that Rupam Gandhi, and others like him, could prey upon women at the restaurant without fear of being recorded, after giving women at the restaurant a false sense of security that working cameras would discourage such behavior of Gandhi and others like him. (Second Amended Complaint, Exhibit 2, paragraphs 136-138)

14. In the underlying lawsuit, Cassandra Lee alleges that intentional acts of the employees and owners of Las Maracas resulted in the sexual aggression and unwelcome physical contact by Rupam Gandhi.  (Second Amended Complaint, Exhibit 2, paragraph 139)

<u>DECLARATORY JUDGMENT</u>

15. FAMI re-alleges paragraphs 1 through 14 of this Complaint as if fully set forth herein.

16. On January 17, 2019, at the time Cassandra Lee alleges she was present on the premises of the Las Maracas restaurant with Rupam Gandhi, the policy issued to Las Maracas was in force and effect.  (Exhibit 1, policy, page 2).

17. The policy includes the following language:

**SECTION II – LIABILITY**

**A. Coverages**

**1. Business Liability**

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking those damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Paragraph D. – Liability and Medical Expenses Limits of Insurance in Section II – Liability; and

(2) Our right and duty to defend end when we have used up he applicable limit of Insurance in the payment of judgments or settlements or medical expenses.

(Exhibit 1, policy, page 63)

4

The policy includes **Endorsement BP 04 89 01 10** which reads in part as follows:

## LIQUOR LIABILITY COVERAGE

**SECTION II – LIABILITY is amended as follows**:

A.       The insurance provided under paragraph **A.1. Business Liability** also applies to all "bodily injury" or "property damage" arising out of the selling, serving or furnishing of alcoholic beverages.

(Exhibit 1, policy, page 7)

18. The policy defines "bodily injury" as follows:

## SECTION II – LIABILITY

### F. Liability and Medical Expenses Definitions

**3.**       "bodily injury" means "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."

(Exhibit 1, policy, page 75)

19. The policy also includes **Endorsement BP 04 39 07 02**, which reads as follows:

## ABUSE OR MOLESTATION EXCLUSION

The following applies to **Section II – Liability** and supercedes any provision to the contrary:

This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:

**(a)**       The actual or threatened abuse or molestation by anyone or any person while in the care, custody or control of any insured; or

**(b)**       The negligent:
   **(i)**       Employment;
   **(ii)**      Investigation;
   **(iii)**     Supervision;
   **(iv)**     Reporting to the proper authorities, or failure to so report, or
   **(v)**      Retention;

of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by **(a)** above.
(Exhibit 1, policy, page 90)

5

20. The policy also contains the following exclusion:

> **B. Exclusions**
> **1.       Applicable to Business Liability Coverage:**
>
> This insurance does not apply to:
>
> **a.  Expected or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.
>
> (Exhibit 1, policy, page 65)

21. The policy also includes **Endorsement UN 698 01 91**, which reads as follows:

> **PUNITIVE OR EXEMPLARY DAMAGES EXCLUSION ENDORSEMENT**
>
> Regardless of any other provision, this policy does not cover punitive or exemplary damages or the cost of defense related to such damages.
>
> (Exhibit 1, policy, page 125)

22. The policy also includes **Endorsement UN 311 08 93**, which reads as follows:

> **DUTY TO DEFEND**
>
> It is agreed and understood the insurer will defend a suit seeking damages if the suit resulted from bodily injury or property damage not excluded under this policy.  The insurer has no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.
>
> (Exhibit 1, policy, page 121)

23. In the underlying lawsuit, Cassandra Lee does not allege physical injury, but alleges unwelcome sexual advances and touching by Rupam Gandhi.  Lee's description of the occurrence as alleged in the lawsuit does not fall within the definition of "bodily injury" under the terms of the policy as quoted above.

24. Any allegation in the underlying lawsuit by Cassandra Lee that the Las Maracas restaurant did not adequately protect her from actual or threatened abuse or molestation by Rupam Gandhi while she was in the care, custody or control of Las Maracas as a customer would not be covered under the terms of the policy as quoted above and would be specifically excluded by the above-quoted Abuse or Molestation Exclusion.

25. In the underlying lawsuit, although Cassandra Lee entitles her claims as against Las Maracas as claims for "Negligence and Negligent Misrepresentation," the acts alleged to have been done by the employees and/or owners of the Las Maracas restaurant are clearly willful and intentional acts. Any such actions are excluded from coverage under the terms of the policy as quoted above.

26. In the underlying lawsuit, Cassandra Lee seeks punitive damages against Claudia Palliyo, Inc. as the owner and operator of the Las Maracas Restaurant. Any such damages are excluded from coverage in the policy under the terms as quoted above.

27. For the reasons stated above, there can be no coverage under the aforementioned business policy for any losses that might be incurred by Las Maracas if Lee prevails on her claim in the underlying lawsuit. Accordingly, FAMI is entitled to a declaratory judgment that it has no obligation to indemnify Las Maracas for any judgment, settlement, or award in the underlying lawsuit.

28. Additionally, FAMI has no duty to defend Las Maracas if there is no coverage under the policy. Because there is no coverage for intentional acts, FAMI is entitled to a declaratory judgment that it has no duty to defend Las Maracas in the underlying lawsuit.

29. An actual controversy exists between the parties concerning whether the subject policy provides defense and indemnity coverages in relation to the claims made by

Cassandra Lee against Las Maracas in the underlying lawsuit, and FAMI has no adequate remedy by which this controversy may be resolved other than that which is requested by this complaint for declaratory judgment.

**WHEREFORE**, FAMI seeks a declaratory judgment that the policy specifically excludes coverage for the damages Cassandra Lee seeks to recover from Las Maracas in the underlying lawsuit, and therefore:

1.  FAMI has no duty to defend Las Maracas in the underlying lawsuit, or any other lawsuit or claim arising out of the same material facts as alleged in the underlying lawsuit;

2.  FAMI has no duty to indemnify Las Maracas for any liability it may incur in the underlying lawsuit;

3.  FAMI has no duty to satisfy any judgment, settlement, or award entered against Las Maracas in the underlying lawsuit, or any other lawsuit or claim arising out of the same material facts as alleged in the underlying lawsuit; and

4.  FAMI has no liability to Cassandra Lee under the policy for any judgment, settlement, or award entered against Las Maracas in the underlying lawsuit, including for any garnishment action filed by Cassandra Lee against FAMI.

For the reasons set forth herein, FAMI respectfully requests the Court grant its declaratory judgment and requests that it be awarded any further relief this Court deems just and proper.

Respectfully submitted,

STEIDLEY & NEAL, PLLC


*/s/ Richard W. Wassall*
Richard W. Wassall, OBA No. 10512
2448 E. 81st St., 53rd Floor
Tulsa, OK 74137
Telephone:  918-664-4612
Facsimile:  918-664-4133
Email:  rww@steidley-neal.com